CAROLINE H. TOTTEN and JOHN H. SPANTON, complainants,

*v.*

NATIONAL BEN FRANKLIN FIRE INSURANCE COMPANY OF PITTSBURGH and SUPERIOR FIRE INSURANCE COMPANY OF PITTSBURGH, defendants.

[Decided April 27th, 1932.]

*Mr. Benjamin J. Spitz* (*Mr. Joseph P. Lieblich,* of counsel), for the complainants.

*Messrs. Lum, Tamblyn & Colyer,* for the defendants.

LEWIS, V. C.

Complainant Caroline H. Totten, on March 1st, 1928, executed a second mortgage on the premises in question to

her son, John H. Spanton, the other complainant, to secure a loan of $3,500. On March 15th, Mrs. Totten secured a fire insurance policy for $3,500 from the defendants, and paid the premium thereon. The policy contained a mortgage clause making the loss, if any, payable to the first mortgagee and second mortgagee as interest may appear. On June 4th, 1928, the building on the premises was destroyed by fire. Defendants refused to pay the loss, and complainants in this suit brought an action at law in the New Jersey supreme court to enforce the policy.

The defendants interposed an answer in the supreme court, setting up various separate defenses, which in substance are as follows:

1. That the policy by its terms is void if the interest of the insured is not truly stated, and that the interest of Caroline H. Totten, the insured, was not truly stated, because she was not the sole and unconditional owner of the premises in fee-simple.

2. That the policy by its terms is void if the interest of the insured be other than unconditional and sole ownership, and that Caroline H. Totten was not the unconditional and sole owner.

3. That the policy by its terms is void if subject of insurance be a building on ground not owned by the insured in fee-simple, and that Caroline H. Totten did not own the ground in fee-simple.

4. That said policy by its terms provided that it is void if change of interest take place with certain exceptions not relevant, and that there was a change of interest.

5. That the policy provided that the insured shall notify the insurer of any change of ownership, and that there was a change of ownership of which the insurer was not notified.

For these reasons, among others, defendant claims that it is relieved of liability to pay the face of the policy.

The bill in this suit alleges that these defenses are inequitable, and prays that defendants be enjoined from setting them up in the pending action at law. It also prays that two deeds, one from Caroline H. Totten dated February 17th,

1927, to Alice Spanton and Theodore P. Spanton, her hus-band, and the other a deed from Alice Spanton and Theodore P. Spanton to Caroline H. Totten, dated May 21st, 1928, be canceled and expunged from the record, and that the said mortgage from Caroline H. Totten to John H. Spanton, dated March 1st, 1928, be decreed and declared a valid mortgage.

On February 17th, 1927, Caroline H. Totten executed a deed to the premises to Alice Spanton and Theodore P. Spanton. The grantor was elderly and was ill. On that day she delivered the deed to her son, Theodore Spanton, on the condition that Theodore was to put it in a safe deposit box and not record it unless she passed away, and the deed was accepted by Theodore on these conditions. It seems clear from the testimony that a delivery was in escrow and was not intended to be absolute. Actually, the deed was recorded on May 15th, 1928. In the meantime, on March 1st, 1928, Caroline H. Totten executed the $3,500 mortgage to her other son, John H. Spanton, and the mortgage was recorded on March 3d, 1928.

It seems to be well settled law that where a deed absolute on its face is delivered by the grantor directly to the grantee, even though coupled with a condition that the deed is to take effect on a contingency, the condition is disregarded and the deed takes effect as though there had been no condition attached. Such a transaction is distinguished from one in which delivery is made to a third person.

In *Ordinary* v. *Thatcher, 41 N. J. Law 403,* the court said (at *p. 407*) : "A deed cannot be delivered in escrow to the grantee."

In *Lake* v. *Weaver, 76 N. J. Eq. 280* (at *p. 288*), the court says it is:

"The imperative rule that a deed cannot be in escrow with its grantee. The soundness of Chief-Justice Beasley's exposition of this subject in *Ordinary* v. *Thatcher, supra,* has never been questioned in this state. The rule everywhere is that the delivery of a deed to its grantee cannot be in escrow, but is, regardless of such purpose, a good delivery of the deed.

*11 Eng. & Am. Encycl. L. 333 tit. "Escrows;" 16 Cyc. 561 tit. "Escrows."*

"The stability ·of all titles to land·rests at bottom upon the rule."

Under this principle, title passed from Caroline H. Totten to Alice Spanton and Theodore P. Spanton, by the deed of February 17th, 1927, the attempted conditions being ineffective.

The defendants apparently intend to rely upon this deed in the action in the supreme court to substantiate their separate defenses in that action. It is the contention of complainants that the deed of February 17th never took effect because the condition was not fulfilled, and that, therefore, to allow the defenses is inequitable. But as has been shown, the contention of complainants is unsound, and there is no equity requiring that the defenses be enjoined, and this relief will therefore be denied. It follows that complainants are not entitled to the relief prayed for in regard to the cancellation of the deeds dated February 17th, 1927, and May 21st, 1928, and the declaration of the validity of the mortgage dated March 1st, 1928.

A decree will be advised dismissing the bill.